UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 2:91-cr-00071-GZS |
| | ) | |
| PETER N. GEORGACARAKOS, | ) | |
| | ) | |
| Defendant | ) | |

## <u>RECOMMENDED DECISION</u>

Citing Federal Rule of Civil Procedure 60(b), Defendant seeks relief from the Court's denial of a Defendant's challenge to his sentence.[1]  (Motion, ECF No. 62.)

A review of the Defendant's motion reveals that Defendant's motion is a second or successive motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. I recommend that the Court dismiss Defendant's motion.

### I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Defendant was convicted of charges related to the sale of cocaine in 1991.  The Court sentenced Defendant to a term of 260 months.  This Court subsequently denied Defendant's motion under 28 U.S.C. § 2255 to correct his sentence, which decision the First Circuit affirmed in 1993.  *Georgacarakos v. U.S.*, 7 F.3d 218 (1st Cir. 1993).  The First Circuit later denied Defendant's subsequent requests to file successive § 2255 motions, including in April 2018, when the First Circuit denied Defendant's application to file a second or successive habeas challenge to his sentence based on his "career offender"

_____

[1] Defendant does not identify the specific judgment from which he seeks relief.

designation.  (*See,* Orders, ECF Nos. 34, 56.)  This Court has also denied several motions by Defendant to amend his sentence, the latest an order denying Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) (compassionate release).  (Order, ECF No. 61, *see also* ECF Nos. 36, 42, 44.)

Although Defendant evidently has completed the sentence imposed in this case, Defendant remains incarcerated.  In 1996, while serving his term in a prison in another district, Defendant was charged and convicted in connection with the death of another inmate; the court sentenced Defendant to 360 months in prison consecutive to the sentence in this matter.  (Docket No. 4:02-cr-00034-JFN, M.D. Pa.)

## II.    DISCUSSION

Defendant argues that based on the Supreme Court's decisions in *Johnson v. U.S.*, 559 U.S. 133 (2015) and *Beckles v. U.S.*, 580 U.S. --, 137 S. Ct. 886 (2017), and the First Circuit's holding in *Moore v. U.S.*, 871 F.3d 72 (1st Cir. 2017), his original sentence was based on an unconstitutionally vague definition of a "crime of violence" under the then-mandatory sentencing guidelines.

Under the Supreme Court's analysis in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), Defendant's motion is not, in substance, a Rule 60(b) motion.[2]  Rather, the motion is a

---

[2] Although *Gonzalez v. Crosby*, 545 U.S. 524 (2005), concerned a state prisoner's habeas petition under 28 U.S.C. § 2254, and the Supreme Court noted that its consideration was limited to section 2254 cases, 545 U.S. at 529 n.3, the statute section at issue in *Gonzalez*, 28 U.S.C. § 2244, also applies to federal prisoners' habeas petitions, pursuant to 28 U.S.C. § 2255(h).  In a case that preceded *Gonzalez*, the First Circuit held that the same reasoning that enables a court to distinguish between a Rule 60(b) motion and a second or successive section 2254 petition also applies to cases under 28 U.S.C. § 2255.  *See Munoz v. United States*, 331 F.3d 151, 152 (1st Cir. 2003) (per curiam), *cited with approval in United States v. Sevilla-Oyola*, 770 F.3d 1, 12 (1st Cir. 2014); *see also Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007) (applying *Gonzalez* to a motion that was filed as a Rule 60(b) motion but that the Court concluded was in substance a successive section 2255 motion).

second or successive section 2255 petition, and therefore it is subject to the gatekeeping provisions of sections 2244 and 2255(h).

In *Gonzalez*, the Court reasoned that the Federal Rules of Civil Procedure apply to habeas proceedings "to the extent that they are not inconsistent with any statutory provisions" or the rules that govern habeas proceedings. 545 U.S. at 529 (applying former Rule 11 (now Rule 12) of the Rules Governing Section 2254 cases).[3]  Because "§ 2244(b) applies only where the court acts pursuant to a prisoner's 'application' for a writ of habeas corpus," the court "must decide whether a Rule 60(b) motion filed by a habeas petitioner is a 'habeas corpus application' as the statute uses that term." *Id.* at 530 (quotation marks omitted).  The Court noted that, "for purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.'" 545 U.S. at 530.

> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple.  A motion that seeks to add a new ground for relief . . . will of course qualify.  A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.  That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Id.* at 532 (footnote omitted) (emphasis in original).

The Supreme Court determined that "a Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive

---

[3] Rule 12 of the Rules Governing Section 2255 Cases provides:  "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

habeas petition."  545 U.S. at 534. (emphasis in original).  The Supreme Court concluded the petitioner's motion, "which alleges that the federal courts misapplied the federal statute of limitations set out in § 2244(d)," did not present a second or successive claim, because "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside" the conviction.  *Id.* at 533.

In contrast to the Rule 60(b) motion in *Gonzalez*, Defendant's motion is based on a challenge to his "career offender" designation under the sentencing guidelines, an issue he raised in a prior request for leave to file a second or successive petition. Under the reasoning of *Gonzalez*, Defendant's motion challenges the merits of a prior decision and not the integrity of the proceedings.  *See Gonzalez*, 545 U.S. at 532 n.5.  That is, Defendant challenges the definition of "career offender" at the time of his sentence, which challenge is in effect a request for an additional "chance to have the merits determined favorably." *Gonzalez*, 545 U.S. at 532 & n.5.  Defendant's motion, although filed as a Rule 60(b) motion, is, therefore, in substance a second or successive section 2255 motion that is subject to the gatekeeping requirements of 28 U.S.C. §§ 2244, 2255(h).  *See Curry v. United States*, 507 F.3d 603, 605 (7th Cir. 2007) (vacating the district court's denial of the petitioner's Rule 60(b) motion "with instructions to dismiss the motion for want of jurisdiction," and noting "[t]he district court denied the Rule 60(b) motion without the prisoner's having gotten our permission to file a successive section 2255 motion, even though it is apparent that he had mislabeled his motion and that it was really a section 2255 motion because it challenges his conviction and asks that he be released from custody and even though it is a successive such motion"); *In re Bedolla-Izazaga*, No. 10-3094,

4

2010 WL 9474431, at *1, 2010 U.S. App. Lexis 27439, at *3 (10th Cir. June 17, 2010) (unpublished) (concluding that under *Gonzalez*, 545 U.S. at 531-32, the petitioner's "proposed claims are clearly merits-based challenges to the validity of his convictions and sentence," and "[t]hus, the district court did not err in concluding that his proposed claims constituted successive habeas claims which require authorization under § 2255(h)").

This Court lacks jurisdiction to consider a second or successive section 2255 motion unless the First Circuit has specifically authorized the Court to consider it. Title 28 U.S.C. § 2244 applies to second or successive section 2255 motions, pursuant to section 2255(h). Section 2244(b)(3)(A) states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* First Circuit Rule 22.1. The First Circuit has held: "We have interpreted [section 2255(h)] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008) (quoting *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997)). The First Circuit previously denied Defendant's application to file a second or successive motion challenging his sentence. (ECF No. 56.) A review of the record reveals no evidence that Defendant has applied to the First Circuit for permission and obtained permission to file the pending second or successive motion. *See* 28 U.S.C. §§ 2244, 2255.

Because the record lacks any evidence that the First Circuit has authorized Defendant to proceed on the pending motion, the Court is without jurisdiction to consider

the merits of the motion.  First Circuit Rule 22.1(e) provides that if a second or successive section 2255 petition is filed in the district court without the required authorization from the First Circuit, the district court "will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition."[4]  The interests of justice do not support transfer to the First Circuit.  Dismissal, therefore, is appropriate.

## III.  CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss Defendant's motion for relief under Rule 60(b), which motion is a second or successive petition pursuant to 28 U.S.C. § 2255.   I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## <u>NOTICE</u>

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered

---

[4] Title 28 U.S.C. § 1631 states in relevant part:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

First Circuit Rule 22.1(e) states in relevant part:

> If a second or successive § 2254 or § 2255 petition is filed in a district court without the requisite authorization by the court of appeals pursuant to 28 U.S.C. § 2244(b)(3), the district court will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition.

pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 15th day of April, 2021.